IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM L. WRIGHT, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 06-865 |
| STATE CORRECTIONAL INSTITUTION | ) | Judge McVerry |
| AT GREENE, et al., | ) | Magistrate Judge Caiazza |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion for Injunctive Relief (Doc. 72) be denied.

### II. REPORT

William L. Wright, III ("Wright" or "the Plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania. In his Complaint, filed pursuant to the provisions of 42 U.S.C. §1983, Wright alleges a myriad of constitutional violations occurring during his incarceration. Presently before the court is a Motion for Permanent and Preliminary Injunctive Relief (Doc. 72) filed by Wright in which he asserts that, prior to March, 2005, he maintained numerous boxes of legal materials in his cell, but that seven boxes of legal materials were removed from his cell in March, 2005. This is alleged to have been in

retaliation for Wright having filed a legal action. Wright alleges that the materials have been withheld from him since that time, and that he has been forced to choose between shipping them elsewhere for storage, or having them destroyed.

The Defendants have responded, and note that Wright's cell status changed in March, 2005, when he was issued several misconducts (Doc. 74). His placement into the Restricted Housing Unit necessitates that he have only one box of legal materials in his cell at a time, but the Department of Corrections ("DOC") will store any other legal materials related to ongoing litigation, and permits him monthly access to such materials (Doc. 74). The seven boxes of legal materials have not been destroyed, and are still being stored by the DOC.

In determining whether injunctive relief is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa.1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). With

respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992)(internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000)(harm may not be speculative).

Wright does not dispute that he presently is permitted to have one box of legal materials in his cell. He also does not dispute that the DOC will store additional legal documents related to pending litigation, and that he is permitted access to these documents on a monthly basis. Wright's only complaint is that he is not being permitted to keep an additional seven boxes of legal materials in his cell at all times. Wright has made no attempt to establish the manner in which the limitations on his possession of legal documents have actually affected his ability to pursue pending litigation. Hence, Wright has not shown that he is entitled to injunctive relief. The Plaintiff's Motion should be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636

(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by August 13, 2008.

July 28, 2008                               s/Francis X. Caiazza
                                            Francis X. Caiazza
                                            United States Magistrate Judge

cc:
WILLIAM L. WRIGHT, III
DV-2181
S.C.I. at Greene
175 Progress Drive
Waynesburg, PA 15370-8089